UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY CISTRUNK, #207830,

        Petitioner,

v.

        CASE NO. 2:12-CV-12568
        HONORABLE PAUL D. BORMAN

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner John Henry Cistrunk ("Petitioner"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to 26 to 40 years imprisonment on the assault with intent to commit murder conviction, a concurrent term of 5 to 15 years imprisonment on the assault with intent to commit great bodily harm conviction, a concurrent term of 2½ to 5 years imprisonment on the felon in possession conviction, and a consecutive term of 5 years imprisonment on the felony firearm conviction in 2009.

In his pleadings, Petitioner raises claims concerning judicial bias, prosecutorial misconduct and ineffective assistance of counsel regarding other acts evidence, the jury instructions, the accuracy

of sentencing information, and double jeopardy as to his felon in possession and felony firearm convictions. This matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust his remedies on additional claims concerning the police investigation, the sufficiency of the evidence, prosecutorial misconduct, the effectiveness of trial and appellate counsel, and the validity of his sentence. Respondent has not yet filed an answer to the petition or the state court record.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented

2

to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. He may then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

In this case, Petitioner has shown the need for a stay. He wishes to pursue several new claims which have not been unexhausted in the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), would pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies as Petitioner signed his habeas petition only a few days before the expiration of the one-year period. Additionally, Petitioner states that he only recently received a copy of the state court records and he believes that appellate counsel was ineffective for failing to previously present his unexhausted claims to the state courts, which may

3

provide good cause. Lastly, the Court finds that the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to his additional, unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are **STAYED**. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. Lastly, this case is **CLOSED** for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 6-22-12