UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN CISTRUNK, #207830,

        Petitioner,

                              CASE NO. 12-CV-12568
v.                            HONORABLE PAUL D. BORMAN

THOMAS MACKIE,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE INJUNCTION

This matter is before the Court on Petitioner's "Motion for Immediate Injunction" in which he expresses concern about not having sufficient paper and access to the law library or typing room to file a reply to Respondent's answer to his habeas petition. Respondent's answer is due in July, 2017 and Petitioner's reply is due in September, 2017. In support of his motion, Petitioner states that he is in administrative segregation, that he cannot order paper from the commissary, that the prison only provide inmates with 10 sheets of paper each month unless they provide a court order with deadlines, and that he is only allowed to use the law library or typing room for two hours a week unless space permits for more time. Petitioner asks the Court to order prison officials to allow prisoners in segregation to buy paper or to provide them with more paper, and to allow prisoners in administrative segregation to use typewriters in their cells. Respondent has not filed a response to the motion.

A federal court has discretion to issue a temporary restraining order and/or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. A person seeking such an order bears the burden of establishing "immediate and irreparable injury, loss, or damage will result" in order for the court to grant the order. Fed. R. Civ. P. 65(b)(1). In determining whether to grant or deny such relief, federal courts balance the following factors:

> (1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> (2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> (3) Whether an injunction will cause others to suffer substantial harm; and
>
> (4) Whether the public interest would be served by the preliminary injunction.

*Wilson v. Gordon*, 822 F.3d 934, 952 (6th Cir. 2016) (citing *City of Pontiac Retired Empl. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc)).

In this case, Petitioner has not shown a likelihood of success on the merits or that he will suffer irreparable harm absent an injunction. He has already filed his amended habeas petition in support of his claims. His reply (should he choose to file one) is not due until September 1, 2017. By the Court's calculation, he can accumulate at least 40 sheets of paper from the prison before his reply is due and have access to the law library or typing room for a minimum of 14 hours after Respondent files an answer to the petition. Moreover, he already has a court order with his reply deadline to show prison

officials should he need more paper or access to the library or typing room to prepare his reply. Petitioner's concerns are premature. If he is unable to prepare his reply in a timely fashion due to a shortage of supplies or access, he may request additional paper from prison officials, additional time in the law library or typing room, move the Court for an extension of time to file his reply (which is normally freely given), and/or seek other assistance at that time. Additionally, instructing prison officials about the supplies and prison resources provided to inmates in administrative segregation may be disruptive to the orderly operation of the prison. Lastly, Petitioner has not shown that the public interest would be served by granting him the requested relief. Petitioner has not shown the need for an injunction. Accordingly, the Court **DENIES** Petitioner's motion.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: APR 26 2017