UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CISTRUNK, #207830,

        Petitioner,

                                 CASE NO. 12-CV-12568
v.                               HONORABLE PAUL D. BORMAN

THOMAS WINN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS
## FOR A STAY AND FOR DISCOVERY

This matter is before the Court on Petitioner's motions for a stay and for discovery concerning his pending habeas petition. Petitioner essentially seeks a stay so that he can pursue discovery and file a second reply ("special traverse") to Respondent's answer to the habeas petition. Respondent filed an answer to the petition and the state court record in July, 2017 and Petitioner filed a reply to that answer in October, 2017.

Under the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The Court may require that the record be expanded to include additional relevant materials. Rule

7, 28 U.S.C. foll. § 2254. The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254. However, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. Rule 6(a), 28 U.S.C. foll. § 2254.

Petitioner makes no such showing. He fails to demonstrate that the information he seeks is necessary for the disposition of this habeas case. He has already filed his petition and a reply brief in support of his claims and Respondent has filed an answer and the relevant state court record. No other materials are required for the proper resolution of this case. Moreover, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner is thus precluded from injecting information that was not presented to the state courts into the present proceeding. Accordingly, the Court **DENIES** Petitioner's motions. Should the Court determine, upon further review, that

additional materials are needed to decide this case, it will enter an appropriate order.  No further motions need be filed.

**IT IS SO ORDERED**.


                                                        s/Paul D. Borman
                                                        PAUL D. BORMAN
                                                        UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2018